IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BELINDA HOWARD, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| GC PARTNERS, INCORPORATED, ) | |
| ) | 1:10CV548 |
| Defendant. ) | |

This matter is before the court on a motion to dismiss by Defendant GC Partners, Inc. (docket no. 9). Plaintiff has responded in opposition to the motion, and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge. Therefore, the motion must be addressed by recommendation. For the following reasons, it will be recommended that the court grant Defendant's motion to dismiss without prejudice as to Plaintiff's claim alleging Title VII race discrimination based on disparate treatment. It is further recommended that the court deny Defendant's motion to dismiss as to Plaintiff's Title VII retaliation claim. Thus, Defendant's motion to dismiss should be granted in part and denied in part.

**BACKGROUND**

Plaintiff is an African-American female who was employed as a server in Defendant's restaurant until her termination on May 25, 2009. In this suit, she

alleges race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

On June 25, 2009, Plaintiff filed a Charge of Discrimination ("EEOC Charge") against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), Greensboro Local Office. In the EEOC Charge, Plaintiff asserted disparate treatment and retaliation claims under Title VII. On May 12, 2010, the EEOC issued a Dismissal of the Charge and Notice of Rights to Sue.

On July 19, 2010, Plaintiff filed this lawsuit. Plaintiff's complaint purports to allege disparate treatment and retaliation claims under Title VII. Defendant has filed a motion to dismiss Plaintiff's claims pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

**FACTS**

In her complaint, Plaintiff alleges that she was terminated on May 25, 2009, from her role as a "server" at a Golden Corral restaurant operated by Defendant. (Compl., p. 2, "Statement of the Claim.") In support of her claim, Plaintiff alleges that she was "mostly assigned [to] sections in [the] [b]ack [of the restaurant] . . . where they sat most Black people," that she received "no help from management" while busing her own tables, and that she was "asked to punch out early." (*Id.* at p. 2-3, ¶¶ 1-4, "Statement of the Claim.") Although Plaintiff does not identify any express disparate treatment claim in the complaint, these above-mentioned vague, factual allegations are presumably intended to support her disparate treatment claim.

Plaintiff also fails to expressly state that she is bringing a claim for Title VII retaliation in the complaint. Plaintiff merely alleges that "a young lady approached [her] several times concerning [s]exual [h]arrassment from a manager." (Compl., p.3, ¶ 5, "Statement of the Claim.") Plaintiff alleges that she "told [the lady] to report it," but then Plaintiff reported it herself. (*Id.*) Plaintiff alleges that the manager who had allegedly committed the sexual harassment "was fired and the retaliation began." (*Id.*)

Defendant contends that the complaint should be dismissed pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) because this court lacks subject matter jurisdiction over the Title VII claims because the factual allegations in this lawsuit are not reasonably related to those alleged in the EEOC Charge; because some of the allegations asserted by Plaintiff are time-barred; because Plaintiff has failed to properly serve Defendant; and because Plaintiff's allegations fail to state a claim upon which relief may be granted.[1]

Defendant first contends that Plaintiff's claim for race discrimination based on disparate treatment is barred for failure to exhaust administrative remedies. I agree. The timely filing of a charge of discrimination and exhaustion of administrative remedies at the EEOC is a prerequisite to filing an action under Title VII. *See* 42 U.S.C. § 2000e-5(b). "Only those discrimination claims stated in the initial charge,

---

[1] The standards for motions to dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) are well established and will not be repeated here.

those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). A plaintiff fails to exhaust administrative remedies where "his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005).

Plaintiff's EEOC Charge stated that she was subjected to both retaliation for complaining about the sexual harassment of another employee and "differential treatment due to [her] race." In support of these claims, Plaintiff alleged that "[d]uring the month of April 2009, [she] reported witnessing another [w]aitress being subjected to sexual harassment from a [m]anager." *Id.* In the EEOC Charge, Plaintiff alleged that she "began to experience retaliation" after the manager was fired. *Id.* Specifically, Plaintiff claimed she "was unfairly written up twice" by one supervisor and her "hours were reduced" because Defendant told her it "was cutting back," despite that Defendant hired at least five new employees after that. *Id.* Plaintiff claimed that she was then terminated after the manager "accused [her] of talking on her cell phone while at work and mentioning that [she] was 'tired of this mess.'" *Id.* Plaintiff's EEOC Charge did not contain any factual allegations that now form the basis for her disparate treatment claim in this lawsuit–i.e., her alleged assignment to work at the back of the restaurant, her allegation that management

refused to help Plaintiff bus her own table, or any allegations regarding "punching out" early. Accordingly, Plaintiff cannot now rely on those allegations, which form the entire basis of her disparate treatment claim, to establish a violation of Title VII. In sum, Plaintiff has failed to exhaust her administrative remedies as to her disparate treatment claim under Title VII.

Next, as to her retaliation claim, Plaintiff alleged in the EEOC that "I . . . feel that my unfair disciplinary actions, my reduced hours, and my termination were all done in retaliation after I complained about sexual harassment." (*See* EEOC Charge, Def. Ex. 1.) Thus, the EEOC Charge specifically alleges retaliation in the form of termination based on Plaintiff's complaint about sexual harassment. The complaint in this lawsuit does not clearly state that Plaintiff is pursuing a claim for Title VII retaliation. The complaint does, however, allege that the "retaliation *began*" sometime after Plaintiff complained about the sexual harassment, and the complaint further alleges that she was fired soon thereafter. In sum, I find that Plaintiff has exhausted her administrative remedies as to the retaliation claim.

I also find that Defendant's Rule 12(b)(6) motion should be denied as to Plaintiff's retaliation claim. To state a claim for retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) she suffered from an adverse employment action; and (3) a causal connection exists between the adverse employment action and the protected activity. Given that Plaintiff is a pro se litigant and her allegations must be construed liberally, I find that

she has stated a claim for retaliation, as she has alleged that she engaged in a protected activity under Title VII and that her employment was terminated soon thereafter.

I further find that Defendant's Rule 12(b)(5) motion to dismiss based on insufficient service of process should also be denied as to Plaintiff's retaliation claim. It does appear that Defendant was not served properly. Nevertheless, given Plaintiff's pro se status, and the fact that Defendant received actual notice of the lawsuit, I find that the court should deny the motion to dismiss based on lack of proper service.[2]

As to Defendant's final ground for dismissal–that some of Plaintiff's allegations of disparate treatment are time-barred–this ground for dismissal does not apply to Plaintiff's retaliation claim because that claim is clearly not time-barred.

In sum, for the reasons stated herein, the court should dismiss without prejudice Plaintiff's claim for Title VII race discrimination based on disparate treatment, but her retaliation claim should survive Defendant's motion to dismiss.

---

[2] With that being said, Plaintiff must still effect proper service upon Defendant. If the court adopts this Recommendation, the court should quash the prior service and instruct Plaintiff to serve process on Defendant by a specific date, with a warning that failure to serve Defendant properly may result in dismissal of Plaintiff's claim for retaliation.

**CONCLUSION**

For the reasons stated herein, **IT IS RECOMMENDED** that the court grant Defendant's motion to dismiss Plaintiff's claim alleging Title VII race discrimination based on disparate treatment (docket no. 9). The dismissal shall be without prejudice to Plaintiff to exhaust her administrative remedies as to this claim. It is further recommended that the court deny Defendant's motion to dismiss as to Plaintiff's Title VII retaliation claim. Thus, Defendant's motion to dismiss should be **GRANTED** in part and **DENIED** in part.

_____
WALLACE W. DIXON
United States Magistrate Judge

May 31, 2011