# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BELINDA HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | **O-R-D-E-R** |
| | ) | |
| vs. | ) | 1:10CV548 |
| | ) | |
| GC PARTNERS, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

On May 31, 2011, in accordance with 28 U.S.C. § 636(b)(1)(C), the Recommendation of the United States Magistrate Judge was filed, notice was served on the Plaintiff, and a copy was given to the Court. Within the time limitation set forth in the statute, the Defendant objected to the Recommendation in part. The Plaintiff did not object.

The Court has reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. The Court adopts the Magistrate Judge's Recommendation, as supplemented herein.

The Defendant has filed a motion to dismiss under FED. R. CIV. P. 12(b)(5) arguing that the pro se Plaintiff made insufficient service of process which, absent correction, would undermine the existence of personal jurisdiction. First, the Defendant contends that the complaint should be dismissed because the Plaintiff did not name on the summons an officer, director, or agent of the Defendant as required by North Carolina law. Even if this is required by the North Carolina Rules of Civil Procedure, it is not required by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(a). Federal law controls the form of the summons. *E.g.,*

*Broadway v. Adidas Am., Inc.*, No. 3:07cv000149 SWW, 2008 U.S. Dist. LEXIS 54830, at *13-15 (E.D.Ark. Jul. 10, 2008). Thus, the Defendant's first argument is without merit.

Second, the Defendant contends that the Plaintiff failed to direct the summons and complaint to an officer, director, or agent of the Defendant as required by North Carolina law, and indeed it appears from the affidavit of service that the summons and complaint were mailed to the corporate Defendant and not directed to an officer, director, or agent of the Defendant. (Doc. 7.) The Court generally will allow a pro se plaintiff an opportunity to remedy insufficiencies of this sort. *See Miller v. Northwest Region Library Bd.*, 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004) (Beaty, J.) (pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process); *accord Lisson v. ING GROEP N.V.,* 262 F.App'x 567, 571 (5th Cir. 2007); *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *Lugo v. Charlotte,* 577 F. Supp. 988, 989 (W.D.N.C. 1984).

The Court therefore will deny the Defendant's motion, to the extent it requests dismissal of this action, in order to afford Plaintiff an opportunity to perfect service. To facilitate the necessary corrective action, the Court will direct counsel for the Defendant to file a notice with the Court stating whether counsel will accept service of the Complaint on behalf of the Defendant (which, in the interest of efficiency, the Court then will carry out for Plaintiff via the CM/ECF system) or whether the Plaintiff must make further service on the Defendant directly. *Cf.* FED. R. CIV. P. 4(d); *El v. Max Daetwyler Corp.*, No. 3:09cv415, 2011 U.S. Dist. LEXIS 49645 (W.D.N.C. May 9, 2011). If needed, the Court can reopen the time for service on its own motion. FED. R. CIV. P. 4(m); *DiPaulo v. Potter*, 570 F. Supp. 2d 802, 807 (M.D.N.C. 2008); *see Johnson v. BAC Home Loans Servicing, LP,* No. 5:10-CV-271-F, 2011 U.S. Dist. LEXIS 5949 at *7-8 (E.D.N.C. Jan. 21, 2011).

**IT IS THEREFORE ORDERED** that the Defendant's motion to dismiss Plaintiff's claim is Granted in Part and Denied in Part, specifically, Plaintiff's claim alleging Title VII race discrimination based on disparate treatment is **DISMISSED** and the Motion is **GRANTED.** The dismissal shall be without prejudice to allow Plaintiff to exhaust her administrative remedies as to this claim. **IT IS FURTHER ORDERED** that the Defendant's motion to dismiss as to Plaintiff's Title VII retaliation claim is **DENIED.**

**IT IS FURTHER ORDERED** that by August 19, 2011, counsel for the Defendant shall file a notice with the Court stating whether counsel will accept service of process on behalf of the Defendant (which, in the interest of efficiency, the Court then will carry out for Plaintiff via the CM/ECF system) or whether Plaintiff must make further service on the Defendant directly.

This the 11th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE